UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND JONES,<br><br>                Petitioner,<br><br>     v.<br><br>JIMMY WALKER,<br><br>                Respondent.<br>_____ | ) Case No. CV 07-1616 DDP(JC)<br>)<br>)<br>) ORDER DISMISSING PETITION FOR<br>) WRIT OF HABEAS CORPUS<br>)<br>)<br>)<br>)<br>)<br>) |

**I.    SUMMARY**

      On March 12, 2007, petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and an Application to Stay Proceedings pending Exhaustion of State Court Remedies ("Stay Application"). The Petition asserts two claims for relief: (1) newly discovered evidence proves that petitioner is actually innocent by reason of insanity; and (2) petitioner's trial counsel was ineffective in failing to discovery and present the new evidence. (Petition at 5-6a). Petitioner represents in the Stay Application that such claims were unexhausted as of the filing of the Petition and Stay Application. (Stay Application at 5). In the Stay Application, petitioner requested a stay of the wholly unexhausted Petition and represented that he was

then "preparing a petition for writ of habeas corpus containing [the foregoing] claims that he [was] filing with the California Supreme Court." (Stay Application at 3). The Court thereafter effectively held this action in abeyance, essentially affording petitioner an opportunity to exhaust his unexhausted claims.

On December 13, 2013, as it appeared to the Court from the absence of any record on the dockets of the California Supreme Court (available via http://appellatecases.courtinfo. ca.gov) of petitioner filing a habeas petition in such court, let alone a habeas petition which contained the two claims raised in the pending federal Petition in this action, the Court ordered petitioner to show cause in writing as to why the Petition should not be dismissed without prejudice based on petitioner's failure to exhaust state remedies ("Order to Show Cause"). The Court further ordered, that if it was petitioner's contention that he had in fact exhausted such claims, his response to the Order to Show Cause must indicate how and when petitioner raised his claims with the California Supreme Court, including the date of the California Supreme Court's decision regarding his claims.

On January 14, 2014, petitioner filed a response to the Order to Show Cause asserting, contrary to representations he made in the Stay Application, that the claims in the instant federal Petition were contained in a petition for review which the California Supreme Court denied in Case No. B174222 on January 25, 2006 – before the federal Petition in this action was filed. Petitioner now claims that he has exhausted all available state remedies.

On March 18, 2014, respondent filed a response to petitioner's response to the Order to Show Cause and lodged multiple documents ("Lodged Docs."). Respondent presents evidence which establishes that petitioner has not exhausted either of the claims in the Petition.

///

///

As the record now establishes that the Petition is wholly unexhausted, and as

1 the Court has already afforded ample time to petitioner to remedy this matter and
2 he has not done so, the Petition is dismissed without prejudice.

## II. PROCEDURAL HISTORY

On July 10, 2003, in Los Angeles County Superior Court, petitioner was convicted of attempted murder (counts 1, 6), robbery (count 2), possession of an assault weapon (count 3), possession of a firearm by a felon (count 4), and assault upon a peace officer (count 5). (Lodged Doc. 1). The trier of fact further found multiple prior conviction and firearm allegations to be true. (Lodged Doc. 1). On March 23, 2004, the court sentenced petitioner to 217 years to life in state prison. (Lodged Doc. 1).

On November 9, 2005, in Case No. B174222, the California Court of Appeal reversed petitioner's possession of an assault weapon conviction (count 3), reduced his sentence, and otherwise affirmed the judgment. (Lodged Doc. 7).

On December 20, 2005, petitioner filed a petition for review in the California Supreme Court raising the following claims: (1) the trial court violated constitutional due process by failing to recognize its discretion to impose concurrent sentences under California's Three Strikes law; and (2) the trial court violated constitutional due process by failing to recognize it had discretion to strike prior conviction allegations on individual subordinate counts. (Petition at 4a; Lodged Doc. 8). On January 25, 2006, in Case No. S139810, the California Supreme Court denied the petition for review. (Lodged Doc. 9).

The dockets of the California Supreme Court do not contain any record of petitioner filing a habeas petition or seeking any other relief relative to the judgment in issue. See http://appellatecases.courtinfo.ca.gov.

## III. DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v.

1  Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th
2  Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C.
3  § 2254 requires federal courts to give the states an initial opportunity to correct
4  alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d
5  1027, 1029 (9th Cir. 1983) (citation omitted).

6  Exhaustion requires that the prisoner's contentions be fairly presented to the
7  highest court of the state.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008)
8  (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S.
9  935 (1994).  A claim has not been fairly presented unless the prisoner has
10 described in the state court proceedings both the operative facts and the federal
11 legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-
12 66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam);
13 Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 130 S. Ct.
14 1014 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

15 Petitioner has the burden of demonstrating he has exhausted available state
16 remedies.  See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per
17 curiam); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S.
18 833 (1997); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal.
19 2010).  In the present proceeding, petitioner has not done so.  As noted above,
20 consistent with petitioner's original representations to the Court in the Stay
21 Application, and contrary to his current representations to the Court in his response
22 to the Order to Show Cause, petitioner has not presented either of the claims in the
23 Petition to the California Supreme Court.  Accordingly, the Petition is wholly
24 unexhausted.

25 The Court notes that the exhaustion requirement may be satisfied if a
26 petitioner's unexhausted claims are clearly procedurally barred under state law.
27 See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d
28 828, 831 (9th Cir. 1996).  In this case, however, it is not "clear" that the California

Supreme Court would deem petitioner's claims procedurally barred under state law if he were to raise them in a habeas petition in the California Supreme Court. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition).[1]

Once a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof is appropriate.

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: March 27, 2014

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[1] This Court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.